IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NICHOLS BROTHERS, INC., *et al.*, | ) | Case No. 18-11123-M |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| THE RAILROAD COMMISSION OF TEXAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 18-01041 |
| | ) | |
| WO OPERATING COMPANY, LTD. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THE RAILROAD COMMISSION OF TEXAS'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS**

Defendant relies upon a conclusory statement in its Rule 12(b)(6) motion that all claims in the adversary complaint are predicated upon 28 U.S.C. § 959, which is a misstatement of the complaint and the law. To prevail in the Motion to Dismiss, Defendant would have to show how each count fails to state a cause of action upon which relief may be granted, with facts viewed favorably to the plaintiff. In lieu of addressing whether relief can be granted under each claim, the Defendant's motion pitches a broad reading of one non-dispositive case. For the reasons explained below, this Court should deny the Motion to Dismiss.

The Railroad Commission of Texas ("Railroad Commission") recognizes that many litigation attorneys will reflexively seek dismissal of suits or adversary complaints even if the motion lacks merit and would instead be counter-productive. Despite the pending motion, Defendant cannot hide from the longstanding Supreme Court authority that does not excuse bankruptcy estates from their environmental obligations as raised in the adversary complaint. *Ohio*

*v. Kovacs*, 469 U.S. 274, 285 (1985). Defendant's legal argument is entirely predicated upon an overapplication of an easily distinguishable case and a wish that what the Debtors perceive to be a pesky regulator would just disappear.

### A.  BACKGROUND-Defendant's Environmental Liability Need Be Addressed

In filing the jointly-administered bankruptcies, the Debtor-entities failed to acknowledge or confront their state environmental liabilities, specifically the potential plugging liabilities of Debtor/Defendant, W.O. Operating Company, Ltd. ("Debtor/Defendant") *See generally*, W.O. Operating Company Schedules, BK # 18-11129, ECF#1. The seven Debtor-entities filed a motion to authorize the use of cash collateral and permit Debtor-In-Possession financing. See Amended Motion for Interim and Final Orders (A) Authorizing the Debtors to Use Cash Collateral, (B) Authorizing the Debtors to Obtain Post-Petition Financing, (C) Granting Security Interests and Superpriority Administrative Expense Status to Existing Lender, (D) Granting Adequate Protection to Existing Lien Holders; (E) Granting Related Relief, BK # 18-11123, ECF # 72. Although the Railroad Commission objected that the proposed budgets failed to provide any funding to address their environmental obligations with respect to W.O. Operating, the Debtor-entities and its lenders strategically elected at the eleventh hour to withdraw Debtor/Defendant from the motion so that it is completely without funding, thereby rendering that part of the Railroad Commission's objection moot. The Railroad Commission believes that it is inappropriate for the Debtor/Defendant to, while under the protection of this Court, ignore its obligations and avoid the state regulators.

As the Court is aware, and as we shared with Defendant's Counsel in correspondence (copy attached as exhibit A), the Railroad Commission could have file a civil suit in state court seeking the same injunctive relief. That lawsuit would be exempt from the Automatic Stay under the Police

and Regulatory Power exception under 11 U.S.C. § 362(b)(4) and the lawsuit would not be subject to removal to District Court under 28 U.S.C. § 1452 because of a police and regulatory power exception. (See Addendum to Response- Memorandum of Law on Police and Regulatory Power Exception to Automatic Stay). The Railroad Commission brought the suit in the Northern District of Oklahoma as a courtesy to the Debtor, the Court, and other parties in interest. The Tenth Circuit has recognized that a Rule 12(b)(6) dismissal of a wholly state law claim is without prejudice. *See VR Acquisitions, LLC v. Wasatch County*, 853 F.3d 1142 (10th Cir. 2017). The Railroad Commission's request for injunctive relief under Texas state law is such a state law claim and accordingly any dismissal by this honorable court would be without prejudice and thus allowing the Railroad Commission to file a new petition in a Texas state court of competent jurisdiction for the identical injunctive relief sought here. It is not in the interest of judicial economy to have such piecemeal litigation.

### B. Count I of the Complaint is Not a Monetary Claim Subject to Discharge

It is bewildering what Debtor/Defendant, W.O. Operating Company, hopes to accomplish by dismissal of the pending adversary complaint which would necessarily be without prejudice. (*See VR Acquisitions, supra*). Liquidation of the defendant does not absolve the entity of the obligations to comply with applicable state environmental law, which would not be dischargeable as a monetary claim. Section 101(5) specifically refers to "equitable remedies" and makes clear that the key question on the issue of when an equitable remedy is a dischargeable claim is whether a breach of the equitable remedy gives rise to a right to pay money as opposed to compliance. Since an oil and gas operator does not have the right to pay money to the state to avoid the responsibility of plugging the wells, such an injunctive obligation is not a dischargeable claim.

Courts considering the dischargeability of equitable remedies in bankruptcy have held that creditors entitled to equitable remedies do not need to select suboptimal remedies of money damages. *See In re Davis*, 3 F.3d 113 (5th Cir. 1993) *see also In re Chateaugay Corp*., 944 F.2d 997, 1007-08 (2nd Cir. 1991). In *Chateaugay*, the Second Circuit held that the "[EPA] has no authority to accept a payment from a responsible party as an alternative to continued pollution. Thus, a cleanup order that accomplishes the dual objectives of removing accumulated wastes and stopping or ameliorating ongoing pollution emanating from such wastes is not a dischargeable claim." *Id*. at 1008. Another Court of Appeals looking at the issue determined that the "order was not a dischargeable claim because State sought cleanup rather than money and the release of hazardous waste was 'threatened and ongoing' and was 'an attempt to prevent additional damage.'" *In re Torwico Electronics, Inc.*, 8 F.3d 146, 151 (3rd Cir. 1993). Dismissal of the complaint will not absolve W.O. Operating Company of its environmental obligations or the attendant costs. As one Circuit Court has noted, simply because a debtor must spend money to comply with an injunction does not transform an injunction into a money judgment which cannot be enforced without further court order. In *Commonwealth Oil*, the Fifth Circuit observed that "[w]ere we to find that any order which requires the expenditure of money is a 'money judgment,' then the exception to section 362 for governmental police action...would...be narrowed into virtual nonexistence.... [W]e cannot ignore the fundamental fact that, in contemporary times, almost everything costs something." *Commonwealth Oil Refining Co. v. EPA*, 805 F.2d 1175, 1186 (5th Cir. 1986), *cert. denied*, 483 U.S. 1005 (1987), *quoting Penn Terra Ltd. v. Dept. of Env. Resources*, 733 F.2d 267, 277-78 (3rd Cir. 1984).

### C.  The Complaint Seeks to Protect the Public Health and Safety

Debtor/Defendant, W.O. Operating Company, Ltd., continues to violate state law which requires it to plug the inactive wells, a regulation which protects the public health and safety. As the Supreme Court stated in the seminal case *Ohio v. Kovacs*, a debtor in possession of an environmental hazard, "must comply with the environmental laws of the State of Ohio. Plainly, that person or firm may not maintain a nuisance, pollute the waters of the State, or refuse to remove the source of such conditions." *Ohio v. Kovacs*, 469 U.S. 274, 285 (1985). Simply put, Defendant has not complied with environmental state laws and essentially argues in the motion to dismiss that, despite the above mentioned Supreme Court precedent, a liquidating debtor does not need to comply with applicable state laws designed to protect the public health and safety. The Complaint filed by the Railroad Commission seeks injunctive relief for the Debtor/Defendant to plug their inactive wells. Additionally, the complaint seeks in four other separate counts, they are: i) for the Debtor to obtain a valid P-5 Organizational Report to operate in the State of Texas; ii) that 28 U.S.C. §959(b) is binding upon the Debtor; iii) that the Debtor may not abandon wells; and, iv) a determination that any post-petition administrative fines and penalties will be treated as administrative expenses. The facts underlying the complaint are clear, concise, and not subject to debate, nonetheless the Defendant filed a Motion to Dismiss under Fed. Rule Civ. Proc. 12(b)(6).

### D.  Defendant's Motion Fails to Show how the Complaint does not State a Claim for Which Relief can be Granted

Defendant's motion hastily addresses one legal theory of the complaint and does not address the other individual counts. Before making substantive legal arguments, which are more appropriate in a Motion for Summary Judgment, Debtor correctly points out that "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Motion page 3, *citing to Burnett v. Mortgage Elec. Regis*., 706 F.3d 1231, 1235 (10th

Cir. 2013). Notably, the focus is *whether the pleaded facts* have facial plausibility from which a court may draw a reasonable inference as to the defendant's liability. *See Jordan-Arapahoe, LLP v. Bd. Of County Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011). As noted in the treatise Moore's Federal Practice, the facial plausibility standard applies only to the factual allegations of the complaint, and not the substantive legal argument or theories. *See* 2 Moore's Federal Practice-Civil 12.34[1][a]. When considering a Motion to Dismiss under Rule 12(b)(6), the question to the court is not whether the party will prevail on its legal theory. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Instead of a detailed analysis of the Complaint, Defendant's motion relies on the incorrect argument that if 28 USC § 959 does not apply to a liquidating debtor that the entire complaint should be dismissed.

Earlier today, the Debtor-entities filed an Application to Employ Special Regulatory Counsel and Notice of Opportunity for Hearing seeking to employ special Texas counsel to address the following Texas regulatory issues: i) resolution of matter with P-5 renewal; ii) Resolution of complaints relating to H-15 testing requirements; iii) Work with the Texas Railroad Commission to gain approval on sale and transfer of oil and gas assets; iv) Resolution of Severance fess and related matters; and v) Represent debtors at hearings required by the Texas Railroad Commission. (See Bk # 18-11123, ECF# 141) It seems disingenuous for Debtor/Defendant to argue in this motion to dismiss that it does not have to comply with state environmental law while at the same time they now seeking retain special counsel to help them comply with state environmental law.[1]

---

[1] While the Railroad Commission applauds the Debtor-entities seeking assistance to comply with regulatory obligations it is puzzled how Debtor/Defendant proposes to pay for special counsel as Counsel for the Debtor-entities has advised to the Court in pleadings that Debtor/Defendant has no revenue stream, no cash collateral, and no post-petition financing. See Generally Joint Stipulation Concerning the Final Order, Bk# 18-11123, ECF# 135)

### E.  A Review of What the Complaint Does Assert

The Railroad Commission alleged the following facts which Debtor/Defendant does not dispute.[2] In part, the complaint alleges that W.O. Operating Company's P-5 Operating Report expired on November 30, 2017, meaning that as of December 1, 2017 it did not have legal authorization to operate any of its wells and leases in the State of Texas. Debtor/Defandant has approximately 920 wells on 73 leases. Of those 73 leases, approximately 58 leases have not generated production over the last 12 months. Debtor/Defendant has not plugged or abandoned any of the wells on its leases. The legal theories underpinning the complaint arise from various state laws, 28 U.S.C. § 959(b), and application of binding or persuasive case law to declaratory relief. To prevail on the Motion to Dismiss, the movant has the burden of showing that no claim has been stated. In lieu of a thorough explanation of the alleged deficiency of the claims, Debtor/Defendant opted to make broad substantive legal arguments. To assist the Court, the Railroad Commission will provide a brief recap of the Counts and the facts supporting each claim upon which relief is being sought.

**Count I**- The Railroad Commission seeks injunctive relief for the Debtor/Defendant to be ordered to plug the inactive wells associated with the 58 leases showing no production in the past year. Defendant did not assert that those facts are not facially plausible and failed to explain how those facts do not support the relief sought under TEX. NAT. RES. CODE Section 89.011(a) or TEX. NAT. RES. CODE Section 89.022. Dismissal of this Count, based in a State law claim, would only invite the Railroad Commission to file suit in Texas state court.

**Count II**- The Railroad Commission seeks relief to order the Debtor/Defendant to obtain a valid P-5 Organization Report to Operate in the State of Texas based upon the fact that W.O.

---

[2] The Railroad Commission incorporates the terms of the complaint herein, *See generally Complaint*, ECF#1.

Operating has not had a valid P-5 Organization Report since December 2017. Debtor/Defendant does not challenge the fact that it has not had a valid P-5 Organization report, so facially plausibility is not at issue. Instead, Debtor/Defendant makes a substantive legal argument about the application of 28 U.S.C. § 959 due to the lack of operations of the Debtor. This is more appropriately addressed in a Motion for Summary Judgment than a Motion to Dismiss.

**Count III**- The Railroad Commission seeks declaratory relief that the Court determine that 28 U.S.C. § 959(b) is applicable and binding upon the Debtor/Defendant. This is a purely legal question. To the end that Debtor/Defendant's argument is better addressed in a Motion for Summary Judgment and not in a Rule 12(b)(6) Motion to Dismiss when there is *no binding authority* in the Tenth Circuit about the applicability of that particular subsection to a non-operating debtor in bankruptcy. Debtor/Defendant attempts to stretch the analysis of when a suit against a trustee is appropriate without leave of the court under §959(a) to apply to whether a debtor must comply with applicable state laws in accordance with 28 U.S.C. §959(b). Dismissal of this section without legal briefing to the Court would imply that the Debtor/Defendant is free to ignore valid state laws, even those designed to protect the public health and safety.

**Count IV**- The Railroad Commission seeks declaratory relief that the Debtor/Defendant shall not be permitted to abandon the wells in accordance with the Supreme Court precedent of *Midlantic. Nat. Bank v. N.J. Dept. of Env. Protection*, 474 U.S. 494 (1986) and *Ohio v. Kovacs*, 469 U.S. 274 (1985). Debtor/Defendant does not dispute that it is not operating and does not dispute that the wells related to the 58 leases not showing production are subject to be plugged under applicable state law. (*see above* Count I). Debtor/Defendant, in its motion, does not address the Supreme Court's holding that a bankruptcy trustee cannot abandon environmental hazards just because the estate does not have sufficient funds to remediate the problem. Dismissal of this Count,

8

which only seeks to establish the applicability of Supreme Court precedent, would not allow the Debtor/Defendant to later violate that binding case law.

**Count V**- The Railroad Commission seeks a declaration that any fines and penalties assessed against the Debtor/Defendant shall be treated as an administrative expense. The facts supporting this Count are that Debtor/Defendant has yet to plug wells that have been inactive for over one year in accordance with applicable state law. Again, Debtor/Defendant does not challenge the underlying facts that State law requires an operator without a valid plugging extension to plug the wells that have been inactive for the past year. Defendant also does not deny that Defendant fits those facts. Instead, Defendant makes a substantive legal argument based upon Tenth Circuit authority which differentiates between pre-petition fines and penalties and post-petition fines and penalties. Both parties agree that Debtor/Defendant began to incur exposure to fines and penalties before the petition-date and that Defendant has not remedied the problem. However, Debtor/Defendant's argument is that since the violations began before the bankruptcy petition, any fines and penalties arising from its failure to plug its inactive wells must be considered a pre-petition debt despite its failure each-and-every day of the bankruptcy to comply with applicable state laws designed to protect public health and safety. Debtor/Defendant's wish is that bankruptcy shield it from its responsibilities arising from its failure to comply with state environmental laws.

For the reasons stated above, the Railroad Commission of Texas believes that Debtor/Defendant's Motion to Dismiss should be dismissed. Defendant's arguments belong in a Motion for Summary Judgment. To that end, Defendant's argument should be exposed for what it is, an attempt to absolve any liquidating debtor from compliance with applicable state laws designed to protect the human health and safety. Debtor/Defendant has not contended that state law does not require it to plug its inactive wells, but somehow believes that by virtue of ceasing

production from its wells, it does not have to comply with those state laws. When the laws at issue protect considerable interests, such as numerous water tables, it flies in the face of the fiduciary responsibilities that debtors have to all parties, not just a select few creditors.

### F.  Conclusion

The Railroad Commission previously suggested that both parties prepare and file competing Motions for Summary Judgement to present the substantive legal arguments to the Court. For reasons the Railroad Commission cannot deduce, Defendant instead opted to file a Motion to Dismiss under Rule 12(b)(6). Respecting Dismissal, the Railroad Commission is puzzled why Defendant wants the adversary proceeding dismissed, necessarily without prejudice, which will only invite piecemeal litigation and motions.

For the foregoing reasons, the Railroad Commission respectfully prays that Debtor/Defendant's Motion to Dismiss be denied.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

RONALD R. DEL VENTO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/  Todd B. Headden*
Todd B. Headden
Texas State Bar No. 24096285
Assistant Attorney General

Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
P: (512) 463-2173/F: (512) 936-1409
todd.headden@oag.texas.gov

ATTORNEYS FOR THE RAILROAD COMMISSION OF
TEXAS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via the Court's Electronic
Filing System on all parties requesting notice in this proceeding and that copies were mailed to the
counsel and parties listed below via first class U.S. Mail, postage prepaid, August 29, 2018.

W.O. Operating Company, Ltd.          Chad J. Kutmas
823 S. Detroit Ave., Suite 300        Gary M. McDonald
Tulsa, OK 74120                       McDonald & Metcalf, LLP
                                      15 E. Fifth Street, Suite 1400
                                      Tulsa, OK 74103


*/s/  Todd B. Headden*
Todd B. Headden
Assistant Attorney General